IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARK LINER                                                                                              PLAINTIFF

vs.                                            Civil No. 1:14-cv-01023

CAROLYN COLVIN                                                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Mark Liner ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB was filed on September 1, 2011.  (Tr. 9, 112-113).  Plaintiff alleged he was disabled due to right shoulder injury, right shoulder surgery, hole in head, and headaches.  (Tr. 144).  Plaintiff alleged an onset date of April 7, 2009.  (Tr. 9, 112).  This application was denied initially and again upon reconsideration.  (Tr. 9, 51-55, 60-62).  Thereafter, Plaintiff requested an administrative hearing on his application and this hearing request was granted.  (Tr. 63-

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

64).

Plaintiff 's administrative hearing was held on November 27, 2012. (Tr. 25-50). Plaintiff was present and was represented by counsel, Anthony Bartels, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Joni Cobb testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 28-29).

On January 25, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 9-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2014. (Tr. 11, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 11, Finding 2).

The ALJ found Plaintiff had the severe impairments of degenerative joint disease of the right shoulder, chronic headaches, borderline intellectual functioning, and an adjustment disorder. (Tr. 11, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-19). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the RFC for sedentary work except he was not able to perform overhead reaching with his right upper extremity; was limited to unskilled work, defined as work where interpersonal contact was incidental to the work performed; complexity of one-to-two (1-2) step tasks that was learned and performed by

rote with few variables and little judgment; supervision required would be simple, direct, and concrete; and the SVP level of the work was 1 or 2 such that the jobs could be learned in thirty days. (Tr. 15, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The ALJ found Plaintiff was unable to perform his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 20, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as final assembler, table worker, and production worker with 475 such jobs in Arkansas and 82,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from April 7, 2009, through the date of the decision. (Tr. 21, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 5). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On April 23, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 25, 2014. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10, 14. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in the RFC determination, and (C) by failing to submit a proper hypothetical to the VE. ECF No. 10, Pgs. 12-16.  In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

#### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities.  A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations.  These impairments included degenerative joint disease of the right shoulder, chronic headaches, borderline intellectual functioning, and an adjustment disorder. (Tr. 11, Finding 3).  However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments.  *See* 20 C.F.R. pt. 404, subpt. P, app.1.  Plaintiff has the burden of

establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues he meets Listing 12.05(C) for intellectual disability. In order to meet Listing 12.05, there must be a significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. 12.05(C) requires a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. Therefore, to meet 12.05(C), Plaintiff shows a valid verbal, performance, or full scale IQ score of 60 through 70, with an onset prior to age 22, and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

Plaintiff cites as support for meeting Listing 12.05(C) Dr. DeRoeck's findings that Plaintiff had a verbal reasoning of 73, abstract/visual reasoning of 62, quantitative reasoning of 66, and short-term memory of 65. Dr. DeRoeck stated Plaintiff's score of 62 was within the mild intellectual deficient range. However, Plaintiff must first meet the listing's introductory paragraph, which requires a showing of "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. *See Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006) ("[T]he requirements in the introductory paragraph [of Listing 12.05] are mandatory."). Even if a Plaintiff meets requirements of paragraph C, he must also show that any deficits in adaptive functioning manifested themselves during the developmental period. *See Cheatum v. Astrue*, 388 F. App'x. 574, 576-77 (8th Cir. 2010).

The ALJ properly found that while Plaintiff may have a valid verbal, performance, or full

6

scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function, he did not have significant deficits in adaptive functioning that manifested before age 22. The evidence shows Plaintiff graduated from high school in regular classes, not special education, and later became certified as a truck driver after attending two years of truck driving school. (Tr. 145). Plaintiff failed to show significant deficits in adaptive functioning that manifested before age 22.

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and

7

for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for sedentary work except he was not able to perform overhead reaching with his right upper extremity; was limited to unskilled work, defined as work where interpersonal contact was incidental to the work performed; complexity of one-to-two (1-2) step tasks that was learned and performed by rote with few variables and little judgment; supervision required would be simple, direct, and concrete; and the SVP level of the work was 1 or 2 such that the jobs could be learned in thirty days. (Tr. 15, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 10, Pgs. 15-16. However, substantial evidence supports the ALJ's RFC determination.

Plaintiff sole argument regarding the RFC assessment is that it did not properly account for his right shoulder impairment and he had greater restrictions than the restriction on overhead reaching with the right arm. Plaintiff provides no support in the medical record for this argument. The ALJ properly accounted for Plaintiff's right shoulder impairment by finding Plaintiff should not perform any overhead reaching with his right upper extremity and is limited to sedentary work.

As the ALJ noted, Plaintiff's medical record was sparse, however, Plaintiff is responsible for providing specific medical evidence to support his claim for disability. 20 C.F.R. § 404.1512(a); *see Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). Medical records from April of 1990 show Plaintiff complained of recurrent dislocation and subluxation of his right shoulder. (Tr. 236-243).

8

Plaintiff was diagnosed with recurrent anterior dislocations of the right shoulder. (Tr. 236). Plaintiff underwent reconstruction surgery to his right shoulder. (Tr. 236-239). There were no records showing any medical treatment after this surgery.

Plaintiff underwent a consultative physical examination on November 1, 2011, with Dr. Effrain Segura. (Tr. 210-214). Dr. Segura noted no muscle atrophy, no sensory abnormalities, and a normal gait and coordination. (Tr. 212). Dr. Segura found Plaintiff's limb function was within normal limits, including Plaintiff's grip strength. (Tr. 213). An x-ray of Plaintiff's right shoulder showed a normally located right humeral head, no acute focal destructive lesions, no chondralcinosis, minimal sclerotic changes in the glenoid [that] may indicate mild degenerative disease, and no other significant findings. (Tr. 214). Dr. Segura diagnosed Plaintiff with limited range of motion of the right shoulder. (Tr. 213).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**C. Step 5 Determination**

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart*, 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's

denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart*, 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge*, 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform for sedentary work except he was not able to perform overhead reaching with his right upper extremity; was limited to unskilled work, defined as work where interpersonal contact was incidental to the work performed; complexity of one-to-two (1-2) step tasks that was learned and performed by rote with few variables and little judgment; supervision required would be simple, direct, and concrete; and the SVP level of the work was 1 or 2 such that the jobs could be learned in thirty days. (Tr. 15, Finding 5). In response to a hypothetical

question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 44-48). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 20, Finding 10). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 21, Finding 11).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and regional economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **6th day of May 2015.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U. S. MAGISTRATE JUDGE